# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY HAGAN, *et al.*, <br>   Plaintiffs <br>  v. <br> UNITED STATES OF AMERICA, <br>   Defendant | Civil Action No. 12-916 (CKK) |
| DANA WILSON, <br>   Plaintiff <br>  v. <br> UNITED STATES OF AMERICA, <br>   Defendant | Civil Action No. 15-90 (CKK) |

**MEMORANDUM OPINION and ORDER**
(July 7, 2016)

These consolidated cases emerge from alleged medical malpractice by agents of the United States with respect to Plaintiff L.C.H., a minor, that are connected to events in the earliest years of L.C.H.'s life. Plaintiffs L.C.H. and his father Larry Hagan seek damages as result of those events under the Federal Tort Claims Act ("FTCA").[1] Before the Court is Defendant's [34] Motion to Dismiss or, in the Alternative, for Summary Judgment. Defendant now argues that the claims brought by Plaintiffs L.C.H. and Hagan are untimely. The Court concludes that it is not now proper to dismiss the claims based on the statute of limitations at this stage of the proceedings and based on the current record. Upon consideration of the pleadings,[2] the relevant

---

[1] Plaintiff Dana Wilson, L.C.H.'s mother, also brings claims related to similar underlying facts. Those claims, originally brought in the action *Wilson v. United States*, denominated 15-cv-90, have been consolidated for all purposes with the claims in *Hagan v. United States*, but they are not at issue in the currently pending motion.

[2] The Court's consideration has focused on the following documents:
- Def.'s Mot. to Dismiss or, in the Alternative, for Summary Judgment ("Def.'s Mot."), ECF No. 34;
- Pls.' Mem. of Points and Auth. in Opp'n to Def.'s Mot. ("Pls.' Opp'n"), ECF No. 36; and

1

legal authorities, and the record as a whole, the Court DENIES Defendant's [34] Motion to Dismiss, or in the Alternative for Summary Judgment. With respect to the motion to dismiss, the Court concludes that dismissal is not warranted because it is not clear from the face of the complaint that Plaintiffs have failed to comply with the statute of limitations. With respect to the motion for summary judgment, the Court concludes that the motion is premature because the parties have not yet had an opportunity to take discovery and because it appears that there are disputed facts in the record. For these reasons and for the reasons stated further below, the Motion to Dismiss is DENIED WITH PREJUDICE and the Motion for Summary Judgment is DENIED WITHOUT PREJUDICE.

**I. BACKGROUND**

Given the issues presented in the motion now before the Court and the Court's resolution of that motion, the Court presents here the statutory and procedural background of this case, reserving presentation of any relevant factual background for the discussion of the individual issues below.

**A. Statutory Background**

The Federal Tort Claims Act ("FTCA") "waives the United States's sovereign immunity from tort claims and, subject to exceptions, renders the United States liable in tort as if it were a private person." *Gross v. United States*, 771 F.3d 10, 12 (D.C. Cir. 2014), *cert. denied,* 135 S. Ct. 1746 (2015). The Act further "provides that a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after

---

- Def.'s Reply to Pls.' Opp'n ("Def.'s Reply"), ECF No. 39.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

such claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim."[3] *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1629 (2015) (quoting 28 U.S.C. § 2401(b)). In *Kwai Fun Wong*, the Supreme Court clarified that these deadlines were not jurisdictional. *Id.* Instead, as the Supreme Court explained, "The time limits in the FTCA are just time limits, nothing more." *Id.* at 1633. Therefore, these time limits are subject to equitable tolling. *Id.* ("Even though [the time limits] govern litigation against the Government, a court can toll them on equitable grounds.").[4]

**B. Procedural Background**

On July 23, 2010, Plaintiffs L.C.H., by his father and next friend, Larry Hagan, and Hagan himself filed administrative claims with certain departments of the United States Government regarding the medical care that L.C.H. had received. Plaintiffs filed this action on June 6, 2012, after the Government had failed to respond to those claims. Defendant then moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that the court did not have subject matter jurisdiction because Plaintiffs had not filed a timely administrative claim. Defendant argued that the filing timelines in 28 U.S.C. § 2401(b) were jurisdictional and that Plaintiffs had failed to comply with the jurisdictional prerequisites for this action.

---

[3] The statute provides in full: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

[4] "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.' " *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (internal quotation marks omitted); *see also New York Republican State Comm. v. S.E.C.*, 799 F.3d 1126, 1134 (D.C. Cir. 2015).

In resolving that motion, the court concluded that the filing deadlines in section 2401(b) were jurisdictional and granted the motion to dismiss.[5] *See* Memorandum Opinion, dated Dec. 14, 2012 ("Mem. Opinion"), ECF No. 21, at 6-7. The court noted that it is the burden of the party invoking the court's jurisdiction to establish subject matter jurisdiction and that, under Rule 12(b)(1), the court may consider materials outside the pleadings. *Id.* at 5; *see also Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (on a motion under Rule 12(b)(1), "where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts"). After a thorough examination of the record, including an examination of the medical records submitted, the court concluded that the injury underlying the case had occurred in September 2007 and that the claims at issue had, therefore, accrued at that time. Because the court concluded that the statute of limitations in section 2401(b) was jurisdictional, there was no occasion to consider other responses to Defendant's statute of limitations argument, such as equitable tolling. See Mem. Op. at 6-7; *see also Kwai Fun Wong*, 135 S. Ct. at 1631 (citing *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133-134 (2008) (equitable factors cannot be considered if statute of limitations is jurisdictional). Therefore, the court concluded that the administrative complaint filed in July, 2010, had not been filed within two years of the accrual of the claims in this case. Based on this analysis, the court dismissed the case for want of subject matter jurisdiction.

Plaintiffs appealed to the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit"). *See Hagan v. United States*, D.C. Cir. No. 13-5048, Doc. No. 1461959.

---

[5] At the time, this case was assigned to then-district judge Robert L. Wilkins, who was subsequently elevated to the United States Court of Appeals for the District of Columbia Circuit. The case was subsequent re-assigned to the undersigned judge.

While the appeal was pending, the United States Supreme Court issued *Kwai Fun Wong*, discussed above, holding that section 2401(b) is *not* jurisdictional and that equitable tolling is available under the FTCA. *See Kwai Fun Wong*, 135 S. Ct. at 1629, 1633. The parties agreed that the case should be remanded to this Court, although they did not agree on the precise action the D.C. Circuit should take. Upon consideration of the parties' requests, the D.C. Circuit "**ORDERED** that the district court's order issued December 14, 2012 dismissing the case for lack of jurisdiction, be vacated and the case remanded to the district court for further proceedings consistent with the Supreme Court's opinion in United States v. Kwai Fun Wong, 135 S. Ct. 1625 (2015)." Order dated Sept. 10, 2015, Hagan v. United States, D.C. Cir. No. 13-5048 (formatting in original). The D.C. Circuit did not provide any further instructions regarding the remand to the district court.

After the case was remanded to this Court, the Court ordered the parties to file a Joint Status Report regarding future proceedings in this consolidated action. Order, dated Dec. 14, 2015, ECF No. 30. At the parties' request, the Court subsequently entered a briefing schedule for Defendant's planned renewed motion to dismiss. Minute Order, dated January 19, 2016; *see also* Joint Status Report, dated Jan. 14., 2016, ECF No. 33. The Court notes that the parties did not reference any plans to file motions for summary judgment on the current record. Defendant then filed the pending motion according to the approved schedule. As noted above, Defendant moved to dismiss under Rule 12(b)(6) for failure to state a claim and, in the alternative, for summary judgment; the motion is based solely on Defendant's argument that Plaintiffs did not comply with the statute of limitations in section 2401(b). *See generally* Def.'s Mot. Plaintiffs opposed that motion, arguing that the motion should be denied based on the present record and that, if the

5

Court were to find the present record inadequate to deny the motions, the Court should allow discovery before definitively resolving issues pertaining to the statute of limitations.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and [that it] ... is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The mere existence of some factual dispute is insufficient on its own to bar summary judgment; the dispute must pertain to a "material" fact. *Id.* Accordingly, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Nor may summary judgment be avoided based on just any disagreement as to the relevant facts; the dispute must be "genuine," meaning that there must be sufficient admissible evidence for a reasonable trier of fact to find for the non-movant. *Id.*

## III. DISCUSSION

Defendant moves to dismiss under Rule 12(b)(6) and, in the alternative, moves the Court to grant summary judgment in its favor—both based solely on statute of limitations grounds.[6] The Court addresses the motion to dismiss followed by the motion for summary judgment.

### A. Motion to Dismiss

Defendant moves to dismiss based on the argument that Plaintiffs did not satisfy the statute of limitations in section 2401(b). In this Circuit, it is well established that "[b]ecause statute of limitations issues often depend on contested questions of fact, dismissal is appropriate only if the complaint on its face is conclusively time-barred." *Bregman v. Perles,* 747 F.3d 873, 875 (D.C. Cir. 2014). Moreover, the D.C. Circuit has cautioned that "courts should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint." *Firestone v. Firestone,* 76 F.3d 1205, 1209 (D.C. Cir. 1996). As other district judges in this district have explained, "Put another way, a defendant is entitled to succeed on a Rule 12(b)(6) motion to dismiss brought on statutes of limitations grounds only if the facts that give rise to this affirmative defense are clear on the face of the plaintiff's complaint." *Lattisaw v. D.C.*, 118 F. Supp. 3d 142, 153 (D.D.C. 2015) (citing *Smith–Haynie v. District of Columbia,* 155 F.3d 575, 578 (D.C. Cir. 1998)); *accord Campbell v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 130 F. Supp. 3d 236, 254 (D.D.C. 2015). In this case, because the Court cannot conclude based on the face of the complaint alone that the applicable statute of limitations bars the claims in this case, the Court denies the motion to dismiss.

---

[6] The Court notes, as a preliminary matter, that none of the parties has clearly distinguished their arguments pertaining to the motion to dismiss and their arguments pertaining to the motion summary judgment. Their failure to do so is notable because the standards for each request are distinct and require evaluating different information.

7

In the pending motion to dismiss, Defendant does not even attempt to show that dismissal is warranted on statute of limitations grounds based on an analysis of allegations in the complaint. *See* Def.'s Mot. at 9-11. Instead, Defendant persists on relying, substantially, on materials in the record that were submitted in the briefing on Defendant's original motion to dismiss under Rule 12(b)(1).[7] *See id.* As noted above, Defendant's failure to distinguish between its motion to dismiss and its motion, in the alternative, for summary judgment is a stumbling block to the Court's efficient resolution of the pending matter. Importantly, in evaluating a motion for failure to state a claim under Rule 12(b)(6), the Court cannot rely on the same set of materials as in evaluating a motion under Rule 12(b)(1) for lack of jurisdiction or in resolving a motion for summary judgment. *Compare Coal. for Underground Expansion*, 333 F.3d at 198 (standard for materials on which a court may rely under Rule 12(b)(1)) *and* Fed. R. Civ. P. 56 (standard for summary judgment) *with Ward v. District of Columbia Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (standard for materials on which a court may rely under Rule 12(b)(6)).

With respect to a motion for failure to state a claim, it is true that a court may consider "documents attached as exhibits or incorporated by reference in the complaint," or "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss"—in addition to allegations in the complaint. *Ward*, 768 F. Supp. 2d at 119 (citations omitted). But Defendant has never justified reliance on the materials referenced in its briefing under these several bases—

---

[7] Perhaps this is because Defendant continues to refer to the statute of limitations in section 2401(b) as jurisdictional despite a clear holding from the Supreme Court to the contrary. *See* Def.'s Mot. at 6 ("One of the jurisdictional prerequisites to filing suit under the FTCA is a statute of limitations.").

whether as materials incorporated by reference in the complaint, materials on which the complaint necessarily relies, or otherwise. Nor is it apparent that the materials on which Defendant seeks to rely would be appropriate bases for a motion to dismiss. In short, Defendant has provided no basis for the Court to dismiss the claims in this case under Rule 12(b)(6).

Notably, Defendant argues that this Court should adopt the same reasoning and conclusion regarding the accrual date for the claims in this action as set out previously as the basis for dismissing the claims for lack of subject matter jurisdiction.[8] *See* Def.'s Reply at 5 n.5. Yet, in resolving the original motion to dismiss for lack of subject matter jurisdiction, the Court relied substantially on materials outside of the complaint that were submitted together with the parties' briefing. *See* Mem. Op. at 8-11. It is apparent from the court's earlier opinion that the court found it necessary to consult with materials in the record outside of the complaint to resolve the jurisdictional question that was then before it. In specific, the Court consulted those materials to identify the relevant "injury" in this case and, concomitantly, whether Plaintiffs' filings complied with the applicable statute of limitations. *See id.* at 8. This was wholly proper because the court was then resolving a motion to dismiss on jurisdictional grounds. *See Coal. for Underground Expansion*, 333 F.3d at 198. Indeed, the court was then obligated to assure itself of its own jurisdiction, and it was proper to consider such materials in order to do so. *See Fogo De Chao (Holdings) Inc. v. U.S. Dep't of Homeland Sec.*, 769 F.3d 1127, 1138 (D.C. Cir. 2014). But,

---

[8] In the now-pending motion to dismiss, Defendant originally argued that the court's previous determination as to the accrual of the claims in this case was "the law of the case." Def.'s Mot. at 12-13. As Defendant subsequently admitted, this is patently incorrect. *See* Def.'s Reply at 5 n.5; *see also United States v. Burroughs*, 810 F.3d 833, 838 (2016) (under law of the case doctrine, a "legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, governs future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time") (citation and internal quotation marks omitted). Accordingly, the earlier determination, which has since been vacated, is not binding on this Court.

in light of the Supreme Court's decision in *Kwai Fun Wong*, and the D.C. Circuit's remand in this case, this Court is now in a different position. As a result, the Court *cannot* rely on the same set of materials used previously to resolve the motion to dismiss under Rule 12(b)(1). Therefore, the Court *cannot* adopt the earlier analysis regarding the accrual of the claims in this case. Indeed, the fact that it was necessary to consult materials outside of the complaint to resolve the motion to dismiss under Rule 12(b)(1), suggests that it would not have been feasible to resolve the statute of limitations question based on the face of the complaint alone. Indeed, even in the pending motion, penned after the Supreme Court's decision and the D.C, Circuit's remand in this case, Defendant has provided no basis for the Court to conclude that, based on the complaint alone, the claims in this action are barred by the statute of limitations.

In short, as explained above, the D.C. Circuit has cautioned against granting motions to dismiss on statute of limitations grounds, and has held that "dismissal is appropriate only if the complaint on its face is conclusively time-barred." *Bregman,* 747 F.3d at 875. Defendant has not argued, let alone shown, that this complaint is, on its face, "conclusively time-barred." Just as the D.C. Circuit has warned, the application of the statute of limitations in this case depends on disputed issues of fact, particularly on the complicated set of events that occurred between 2007 and 2009. Therefore, the Court cannot and will not dismiss this case under Rule 12(b)(6).

**B. Motion for Summary Judgment**

The Court now turns to Defendant's motion, in the alternative, for summary judgment. Defendant argues, as noted above, that based on the record before the Court this case must be dismissed on statute of limitations grounds. Plaintiffs respond first that, based on the record before the Court, Defendant's motion for summary judgment should be denied. Specifically, Plaintiffs argue that the claims in this case are timely because (1) the accrual date for the claims

was later than previously determined in dismissing this case for want of jurisdiction and (2) notwithstanding the accrual date, the statute of limitations should be deemed to have been equitable tolled. For both of these reasons, Plaintiffs argue that their complaint complies with the statute of limitations in section 2401(b). Plaintiffs also argue that, if the Court does not conclude that the current record requires the denial of Defendant's motion for summary judgment, the Court should allow discovery because additional discoverable information would support the conclusion that they have satisfied the statute of limitations.

The Court concludes that it is simply premature to resolve a motion for summary judgment in this case, even one narrowly limited to the question of the statute of limitations. The Court has not yet set a period of time for discovery. Nor has the Court sanctioned the filing of a motion for summary judgment. Notably, in proposing a schedule for further proceedings on remand, the parties only requested that the Court set a briefing schedule for a renewed motion to dismiss. *See* Joint Status Report, ECF No. 33, at 2. The Court, then, set a schedule, only for the briefing of a renewed motion to dismiss. *See* Minute Order, dated January 19, 2016. The parties never jointly agreed to brief a motion for summary judgment or partial motion for summary judgment based on the current record. Nor did the Court ever indicate that doing so would be sanctioned. Based on the motions filed and on the record submitted, the Court now concludes that it is not proper to resolve the merits of the motion for summary judgment on the current record.

Moreover, as the parties' briefing reveals in abundance, this case involves a complicated factual background, and what at least appears at this stage to be disputed facts regarding that background. Accordingly, the Court concludes that it is not appropriate to resolve the case on a motion for summary judgment based on the selections of the record provided by the two sides—

particularly before the parties have had an opportunity to take discovery. The D.C. Circuit's words of caution regarding resolving cases on statute of limitations grounds when there are disputed issues of fact, discussed fully above, has substantial force here, too, where the factual record has yet to be fully developed. *See Bregman,* 747 F.3d at 875 ("Because statute of limitations issues often depend on contested questions of fact, dismissal is appropriate only if the complaint on its face is conclusively time-barred."). Given that there appear to be disputed facts in this case and given that Plaintiffs maintain that they could obtain facts relevant to the pending motion through discovery, *see* Pls.' Opp'n at 32-36 (citing Fed. R. Civ. P. 56(d)), the Court concludes that it is premature, at this time, to resolve this case on the basis of a motion for summary judgment.

\*     \*     \*

In sum, the Court denies Defendant's motion to dismiss because it cannot conclude that the claims in this case are barred by the statute of limitations on the face of the complaint. With respect to Defendant's motion for summary judgment, the Court concludes that it is premature to resolve this case on the basis of the statute of limitations given that discovery has not yet been conducted and because there appear to be disputed facts in the record as presented thus far.

It is important to emphasize what *is not* being decided today. The Court's decision is based on the present posture of the case and based on the present record. The Court *does not* address the merits of the statute of limitations questions raised by the parties. Nor does the Court foreclose, in any way, the parties from raising these issues at the proper time and on the proper record. To be clear, Defendant may, if it so chooses, raise its statute of limitations arguments once again after discovery in a motion for summary judgment. The Court will evaluate the merits of those issues if and when they are raised at a later point in these proceedings.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby **ORDERED** that Defendant's [34] Motion to Dismiss and in the Alternative for Summary Judgment is DENIED.

It is further **ORDERED** that the Motion to Dismiss is DENIED WITH PREJUDICE and the Motion for Summary Judgment is DENIED WITHOUT PREJUDICE.

The Court will separately issue an order setting an Initial Scheduling Conference for this consolidated action.

Dated: July 7, 2016

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge